UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARGIE SWIFT                                    Case No. 13-14482

           Plaintiff,                           John Corbett O'Meara
v.                                              United States District Judge

COMMISSIONER OF SOCIAL SECURITY,                Michael Hluchaniuk
                                                United States Magistrate Judge
           Defendant.
_____/

## REPORT AND RECOMMENDATION
## CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 8, 9)

## I.    PROCEDURAL HISTORY

    A.    <u>Proceedings in this Court</u>

On October 25, 2013, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for disability insurance and period of disability benefits. (Dkt. 3). This matter is before the Court on cross-motions for summary judgment. (Dkt. 8, 9).

    B.    <u>Administrative Proceedings</u>

Plaintiff filed the instant claims on August 14, 2010, alleging disability

beginning May 13, 2010.  (Dkt. 6-2, Pg ID 43).  Plaintiff's claims were initially

disapproved by the Commissioner on April 12, 2011.  (Dkt. 6-2, Pg ID 43).

Plaintiff requested a hearing and on May 3, 2012, plaintiff appeared, with counsel,

before Administrative Law Judge ("ALJ") William E. Sampson, who considered

the case de novo.  (Dkt. 6-2, Pg ID 43-52).  In a decision dated May 14, 2012, the

ALJ found that plaintiff was not disabled.  *Id.*  Plaintiff requested a review of this

decision, and the ALJ's decision became the final decision of the Commissioner

when the Appeals Council, on August 27, 2013, denied plaintiff's request for

review.  (Dkt. 7, Pg ID 27-29); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-

44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that

plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for

summary judgment be **GRANTED**, and that the findings of the Commissioner be

**AFFIRMED**.

## II.    FACTUAL BACKGROUND

### A.    ALJ Findings

Plaintiff was born in 1960 and was 49 years of age on the alleged disability

onset date.  (Dkt. 6-2, Pg ID 50).  Plaintiff had past relevant work as a machine

operator.  *Id.*  The ALJ applied the five-step disability analysis to plaintiff's claim

and found at step one that plaintiff had not engaged in substantial gainful activity

2

since the alleged onset date.  (Dkt. 6-2, Pg ID 45).  At step two, the ALJ found that

plaintiff's spondylotic degenerative disc disease of the cervical spine, bilateral

shoulder disorder, and obesity were "severe" within the meaning of the second

sequential step.  (Dkt. 6-2, Pg ID 45).  At step three, the ALJ found no evidence

that plaintiff's combination of impairments met or equaled one of the listings in

the regulations.  (Dkt. 6-2, Pg ID 46).

The ALJ determined that plaintiff had the residual functional capacity

(RFC) to perform light work with the following limitations:

> After careful consideration of the entire record, the
> undersigned finds that the claimant has the residual
> functional capacity to perform light work as defined in
> 20 CFR 404.1567(b) in that the claimant can stand
> and/or walk for about six (6) hours and can sit for about
> six (6) hours during an eight-hour workday, except: the
> claimant is limited to lifting no more than ten (10)
> pounds; the claimant can occasionally balance, stoop,
> kneel, crouch, crawl, and climb ramps or stairs, but must
> never climb ladders, ropes, or scaffolds; and the claimant
> is limited to no more than occasional overhead reaching.

(Dkt. 6-2, Pg ID 46-47).  At Step Four, the ALJ found that plaintiff could not

perform her past relevant work.  (Dkt. 6-2, Pg ID 50).  However, the ALJ

determined that, considering plaintiff's age, education, experience, and RFC, there

were jobs that exist in sufficient numbers that plaintiff can perform and therefore,

plaintiff had not been under a disability from the alleged onset date through the

date of the decision.  (Dkt. 6-2, Pg ID 52).

B.   <u>Plaintiff's Claims of Error</u>

Plaintiff's brief begins by pointing to the ALJ's conclusion that she could not perform any of her past relevant work. Plaintiff then moves on to the Commissioner's obligation to prove that she was capable of other work, given that she could not perform her past relevant work.  Plaintiff contends that the Commissioner failed to satisfy this burden of proof because the hypothetical question posed to the vocational expert and on which the ALJ relied did not accurately describe plaintiff's limitations in all relevant respects.  Next, plaintiff recites the standard applicable to the assessment of a treating physician opinion. Plaintiff asserts that it is documented that she has spondylotic degenerative disc disease of the cervical spine; bilateral shoulder disorder; and obesity and despite these findings, the ALJ found claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.  (Tr. 19). While the ALJ noted the vocational expert's testimony, that given all of the factors, the claimant would be able to perform certain jobs such as production assembler, small parts assembler, and electronics worker, plaintiff contends that this determination is erroneous.

After recounting plaintiff's testimony regarding her pain and limitations, plaintiff contends that there is not a single employer that can accommodate her needs.  The VE even testified that if plaintiff were to be off task greater than 20%

4

of the workday, there would be no work available for her. (Tr. 63). According to plaintiff, if she is required to take multiple lengthy naps, there is no way that she will be able to be on task for 80% percent of the day. In fact, plaintiff testified that she would expect to miss about 10 days of work per month as a result of her physical ailments. (Tr. 57). Given the math, out of a 20 day work month, plaintiff would be absent about 50% of the time, or, if broken down by week approximately 2.5 days per week. Clearly, this rises to being off task greater than 20% of the time.

According to plaintiff, the ALJ's finding that she was capable of performing the position of production assembler, small parts assembler, and electronics worker while she continuously requires the need to rest, sit and stand at will, as well as the need to avoid use of her right upper extremity is not substantiated. Plaintiff contends that to subject her to perform these positions further subjects her to more pain and suffering, and requiring someone with these disabilities to be subjected to the possibility of more pain and suffering is not justified, it is inhumane. Even the ALJ indicated that the "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms[,]" yet plaintiff was deemed not credible. (Tr. 22). According to plaintiff, the limitations that she faces effectively preclude her from performing any work, including the listed representative occupations, and the reasoning to support her lack of

credibility is not substantiated.

More so, the hypothetical question asked of the VE included claimant's education and work experience, with her being capable of performing a range of light work with additional limitations of "can stand and/or walk for about six (6) hours and can sit for about six (6) hours during an eight-hour workday, except: the claimant is limited to lifting no more than ten (10) pounds; the claimant can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs, but must never climb ladders, ropes, or scaffolds; and the claimant is limited to no more than occasional overhead reaching," was improper. (Tr. 20, 21). According to plaintiff, the first three hypotheticals are improper, and the fourth hypothetical should be adopted. (Tr. 59, 61). Plaintiff contends that the jobs identified by the ALJ require the use of the upper extremities, require her to sit, stand, and walk for a period of time, and also require her to have a clear mind; and to ignore this could cause further or more prolonged damage.

Plaintiff has had persistent back, neck, and hip pain, which is documented. Plaintiff contends that the ALJ has correctly concluded that the "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms . . ." and the only justification for not labeling plaintiff as "disabled" at that time is due to credibility. Thus, plaintiff requests that the existing medical records be re-evaluated.

6

C.       The Commissioner's Motion for Summary Judgment

According to the Commissioner, the ALJ relied on the medical evidence of record when he determined plaintiff's residual functional capacity (RFC).  While the ALJ assigned great weight to the opinion of the state agency reviewer, Dr. Surath, the ALJ reduced the lifting capacity for plaintiff based on the opinion of her treating physician, Dr. Rahimi, who advised that she lift no more than 10 pounds.  (Tr. 23-24).  The Commissioner contends that the bottom line is that the ALJ's RFC finding is well supported by the medical opinions of record.  The opinion that plaintiff retains the standing/walking and sitting capacities to perform light work is well supported by Dr. Surath's review.  Dr. Surath opined that plaintiff could stand and/or walk for about 6 hours in an 8-hour workday.  (Tr. 408). This is consistent with the definition of light work set out in the agency's regulations.  20 C.F.R. § 404.1567(b).  As noted, even though Dr. Surath opined that plaintiff could lift up to 20 pounds, the ALJ restricted plaintiff's lifting capabilities to no more than 10 pounds.  (Tr. 23-24).  Thus, the Commissioner maintains that the ALJ's RFC finding is supported by both Dr. Surath and Dr. Rahimi.

The Commissioner also points out that although plaintiff complains that the ALJ did not properly evaluate the opinions of evidence, she has not referred to any medical opinions in her brief.  Rather, she bases her entire case on allegations she

made while testifying before the ALJ.  For example, she has referred to testimony that she cannot sit for more than 30 minutes due to a flare-up of her back pain. (Dkt. 8 at p. 9, citing Tr. 45).  Yet, nowhere does she explain why that testimony should take precedence over Dr. Surath's review.  Nor does she explain why the ALJ erred when he relied on Dr. Surath's review.  According to the Commissioner, without any explanation, plaintiff's brief consists of nothing more than a series of allegations that are unsupported by record evidence.

Moreover, some of plaintiff's accusations fail to recognize that the ALJ accommodated the very limitations that she is emphasizing in her brief.  For example, plaintiff points out that she has a lifting limitation of five-to-10 pounds. In support, she has again cited to her testimony at Tr. 45.  The Commissioner argues that this argument fails to recognize that the ALJ limited her to lifting no more than 10 pounds.  (Tr. 20-21).  The Commissioner further notes that plaintiff makes the all-encompassing statement that there is "not a single employer out there that can accommodate her needs." (Dkt. 8 at p. 10).  However, according to the Commissioner, the ALJ set out an RFC for plaintiff that took into consideration the opinions of two doctors of record.  Based on that RFC, the ALJ fashioned a hypothetical question that considered, in addition to Dr. Surath's opinions and Dr. Rahimi's lifting restriction, concerns about balancing and stooping, and concerns about overhead reaching.  (Tr. 20-21).  The vocational

8

expert considered all of these factors and testified that jobs did exist for a person like plaintiff. (Tr. 61). The Commissioner contends that plaintiff has not explained how the ALJ erred by relying on the vocational expert's response to the hypothetical questions that considered these factors.

Plaintiff argues that the ALJ should have relied on other hypothetical questions posed by the ALJ, including one in which the ALJ asked about a hypothetical who needed to be off-task 20 percent of the time. (Tr. 54). The Commissioner points out that plaintiff's argument is flawed because she has not identified any medical record or any medical source opinion that stated that she would be off-task 20 percent of her working day. Thus, her allegation about a need to be off-task is nothing more than an unsubstantiated complaint. There is no requirement that an ALJ accept the answer to a hypothetical question that includes a claimant's unsubstantiated complaints. *See Stanley v. Sec'y of Health & Human Servs.*, 39 F.3d 115, 118 (6th Cir. 1994) ("the ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals").

Plaintiff also asserted that the ALJ erred because all of the jobs that the ALJ found she could perform required the use of her upper extremities, and a clear mind. However, the Commissioner points out that the ALJ's RFC finding limited plaintiff to no more than occasional overhead reaching. (Tr. 21). As to the allegation that these jobs require a clear mind, the Commissioner argues that

9

plaintiff has never suggested that she has a mental impairment.  By continuing to make these unfounded allegations that, at times, do not even seem to be relevant to her case, the Commissioner asserts that plaintiff has failed to effectively challenge the ALJ's findings.  At least some of plaintiff's contentions ignore the ways in which the ALJ specifically accommodated her limitations.  And, it is difficult to discern many of plaintiff's specific arguments in support of her motion for summary judgment because it mainly consists of a compilation of quotations from black letter case law (like her references to the case law regarding treating physician opinions in a case where she has referred to no physician opinions whatsoever), with little accompanying analysis or application to the law or to the facts in her case.  Other than singling out the hypothetical question that inquired about the 20 percent off-task time, the Commissioner contends that plaintiff has left it to the Court to sift through the record for evidence supporting her claims, which amounts to waiver.  *See McPherson v. Kelsey*, 125 F. 3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.  It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to … put flesh on its bones.").

According to the Commissioner, plaintiff basically argues that the limitations she faces effectively preclude her from performing any work.  Yet, she

bases that assertion solely on her testimony.  Other than plaintiff's conclusory

statements (like the one that not a single employer could accommodate her needs),

the Commissioner says that she has not explained why she would be unable to

perform the jobs identified by the vocational expert.  According to the

Commissioner, the ALJ effectively accommodated plaintiff's impairments and the

limitations caused by those impairments in his RFC finding and in the hypothetical

questions that he posed to the vocational expert.  When the vocational expert

responded to the hypothetical questions that contained the factors set out in the

ALJ's RFC finding by identifying jobs that a person like plaintiff could perform,

the ALJ had substantial evidence that supported his decision.  Because plaintiff

has not demonstrated how the ALJ erred and has referred to no medical evidence

of record in support of her contentions about being off-task, the Commissioner

maintains that she has not effectively challenged the ALJ's reliance on the

vocational expert's testimony.

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system

in which the administrative agency handles claims, and the judiciary merely

reviews the agency determination for exceeding statutory authority or for being

arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990).  The

administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant

12

when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence.").  "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'"  *Rogers*, 486 F.3d at 247 (quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4).

If supported by substantial evidence, the Commissioner's findings of fact are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may

13

proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted) (citing, *Mullen*, 800 F.2d at 545).

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

B.   <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994);

*accord Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003).

There are several benefits programs under the Act, including the Disability

Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq.*) and the

Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et*

*seq.*).  Title II benefits are available to qualifying wage earners who become

disabled prior to the expiration of their insured status; Title XVI benefits are

available to poverty stricken adults and children who become disabled.  F. Bloch,

Federal Disability Law and Practice § 1.1 (1984).  While the two programs have

different eligibility requirements, "DIB and SSI are available only for those who

have a 'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

"Disability" means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be determined

through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in
> substantial gainful activity, benefits are denied without
> further analysis.

Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.

Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work."  *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540.  If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the

Commissioner.  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).

At the fifth step, the Commissioner is required to show that "other jobs in

significant numbers exist in the national economy that [claimant] could perform

given [his] RFC and considering relevant vocational factors."  *Rogers*, 486 F.3d at

241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

     If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter

differently and even where substantial evidence supports the opposite conclusion.

*McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where

substantial evidence supports the ALJ's decision, it must be upheld.

     C.    <u>Analysis and Conclusions</u>

     While the undersigned has thoroughly reviewed the record evidence, the

parties' submissions, and the ALJ's decision, plaintiff cannot simply make the

bald claims that the ALJ erred, while leaving it to the Court to scour the record to

support this claim.  *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir.

1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some

effort at developed argumentation, are deemed waived.  It is not sufficient for a

party to mention a possible argument in a most skeletal way, leaving the court to ...

put flesh on its bones.") (citation omitted); *Crocker v. Comm'r of Soc. Sec.*, 2010

WL 882831 at *6 (W.D. Mich. 2010) ("This court need not make the lawyer's case

17

by scouring the party's various submissions to piece together appropriate arguments.") (citation omitted).  In the view of the undersigned, all of plaintiff's arguments are wholly insufficient and undeveloped.  Plaintiff offers no basis whatsoever for the Court to conclude that the ALJ's decision is not supported by substantial evidence and offers no factual or legal basis for the Court to conclude that the ALJ committed reversible error of any sort.  Indeed, as in other cases filed by this plaintiff's counsel, plaintiff does not discuss why he believes the ALJ erred, what medical records or opinions or evidence the ALJ failed to properly consider, or what additional impairments the ALJ allegedly failed to include in his hypothetical questions to the VE.  As the Court addressed in a similar matter where plaintiff's counsel filed a similarly deficient brief, any additional analysis "is an exercise left to the reader; . . . Plaintiff's summary judgment brief lack[s] any survey, much less meaningful discussion, of the medical record, and Plaintiff likewise fail[s] to provide any factual basis for his challenge to the ALJ's [decision]."  *Fielder v. Comm'r of Soc. Sec.*, 2014 WL 1207865, *1 (E.D. Mich. Mar. 24, 2014) (Rosen, C.J.).[1]

_____

[1] As explained in *Fielder* and by the undersigned in other cases involving plaintiff's counsel, plaintiff's counsel regularly presents briefs with woefully underdeveloped arguments. Judge Rosen suggested that sanctions, including a referral for disciplinary proceedings would be in order for future similarly deficient filings.  *Id.* Judge Rosen's opinion was released on March 24, 2014.  The brief in this case was filed in February 2014, months before the *Fielder* decision. Thus, as in other recent decisions, the undersigned declines to recommend sanctions at this time, given that plaintiff's counsel did not have notice of Judge Rosen's opinion in *Fielder* when the brief in this case was filed.  *See e.g.*, *Greason v. Comm'r of Soc. Sec.*, 2014 WL 6861315 (E.D.

Moreover, the Commissioner convincingly establishes that the ALJ's RFC is well-supported by substantial evidence and that plaintiff's credible limitations were accommodated in the RFC. Plaintiff simply fails to explain how the ALJ's RFC does not accommodate her credible limitations, as found by the ALJ, which are fully supported by substantial evidence in the record. Moreover, simply because plaintiff suffers from a certain condition or carries a certain diagnosis does not equate to disability or a particular RFC. Rather, the residual functional capacity circumscribes "the claimant's residual abilities or what the claimant can do, not what maladies a claimant suffers from–though his maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002). "A claimant's severe impairment may or may not affect his or her functional capacity to work. One does not necessarily establish the other." *Yang v. Comm'r of Soc. Sec.*, 2004 WL 1765480, at *5 (E.D. Mich. 2004). "The regulations recognized that individuals who have the same severe impairment may have different [residual functional capacities] depending on their other impairments, pain, and other symptoms." *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. Appx. 425, 429 (6th Cir. 2007); 20 C.F.R. § 404.1545(e). Thus, the mere existence of any condition from which plaintiff may have suffered does not necessarily establish any functional limitation or

---

Mich. 2014); *Brewer v. Comm'r of Soc. Sec.*, 2014 WL 6750596 (E.D. Mich. 2014).

19

disability.  Here, plaintiff seemingly argues that merely because she suffers from certain impairments, she must be disabled.  This is not so.  And, significantly, plaintiff has failed to produce medical evidence or an opinion showing that she had greater limitations than the ALJ found.  *See Maher v. Sec'y of Health & Human Servs.*, 898 F.2d 1106, 1109 (6th Cir. 1987), citing *Nunn v. Bowen*, 828 F.2d 1140, 1145 (6th Cir. 1987) ("lack of physical restrictions constitutes substantial evidence for a finding of non-disability.").  Indeed, as the Commissioner points out, the RFC findings are fully consistent with the opinions of plaintiff's treating physician.

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

20

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 4, 2015                           s/Michael Hluchaniuk
                                                 Michael Hluchaniuk
                                                 United States Magistrate Judge

21

## **CERTIFICATE OF SERVICE**

     I certify that on February 4, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

s/Tammy Hallwood        
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov
